UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| USA, | § | |
| | § | |
|     Plaintiff, | § | |
| VS. | § | CRIMINAL ACTION NO. H-02-738 |
| | § | |
| TERHEMBA THOMAS SHASE, | § | |
| | § | |
|     Defendant. | § | |

ORDER

On December 20, 2002, Terhemba Thomas Shase ("Shase") was charged by indictment with theft or receipt of stolen mail. After a bench trial, this Court found Shase guilty as charged. The Court subsequently sentenced Shase to a twelve (12) month and one (1) day term of imprisonment to be followed by three (3) years of supervised release.

On April 27, 2005, a Department of Justice immigration judge, in connection with a removal/deportation proceeding involving Shase, issued subpoenas to Deputy Chief United States Probation Officer Becky Pope, Supervising United States Probation Officer Vickie Creek,[1] and the United States Probation Office's Custodian of Records. In the subpoenas, the immigration judge purports to command the above-mentioned United States Probation Officers to appear at the Dallas Immigration Court on May 17, 2005, and to produce "any and all documents pertaining to Terhemba Thomas Shase . . . for the investigation of the crime of receipt of stolen mail matter, for which respondent was found guilty on May 30, 2003." The subpoenas are completely devoid of any mention of how the testimony

or records are relevant to the proceedings in the Dallas Immigration Court, why the testimony or records are sought, and why the information sought is not readily available through other sources.  After examining the subpoenas, the United States Probation Office, pursuant to authority expressly granted to it by the Administrative Office of the United States Courts, has determined the immigration judge's request for records and testimony should be denied.  After reviewing the subpoenas and applicable law, the Court supports the United States Probation Office's decision not to comply with the subpoenas, and accordingly orders that the subpoenas are quashed in their entirety.

The Director of the Administrative Office of the United States Courts, pursuant to authority granted under 28 U.S.C. § 604, has created a comprehensive scheme governing the testimony of judiciary personnel and the production of judiciary records in legal proceedings (the "Guide").  Guide to Judiciary Policies and Procedures, Vol. I Ch. 11-G.  The Guide provides that any request for testimony or production of records must include a written statement containing the nature of the testimony and records sought, the relevance of the desired testimony and records, the reasons why the records and testimony are sought, and an explanation of why the testimony and records are not readily available by other means. *Id.*   Failure to include such information enables the determining officer to deny the request.2   *Id.*  Further, the determining officer may, in an exercise of broad discretion granted under the Guide, deny the request for testimony or records as she determines appropriate.  *Id.*

Here, the immigration judge failed to provide a compelling or particularized need for the information sought.  The subpoenas do not indicate how the documents or testimony requested are either relevant or necessary.  Accordingly, the United States Probation Office properly determined the immigration judge's request should be

denied.  The Court determines that the individuals named in the subpoenas need not comply with any requests made therein.

The Court further notes that the immigration judge purports to command federal judicial employees to travel from Houston, Texas to Dallas, Texas on a Tuesday to attend a hearing.  This is in direct contrast to the Guide's provisions, which expressly dictate that "[t]estimony may be taken from federal judicial personnel only at the federal judicial personnel's place of business, or at any other place authorized by the determining officer . . . The time for such testimony shall be reasonably fixed so as to avoid substantial interference with the performance of official duties of the federal judicial personnel."  The Court determines that the immigration judge's request would substantially and unreasonably interfere with the duties of federal judicial personnel.

Moreover, the broad range of documents the immigration judge asks the United States Probation Office to produce necessarily includes presentence investigation reports created to assist this Court in sentencing Shase.  Presentence investigation reports have long been treated as confidential documents and courts are reluctant to provide third-parties access to such reports. *See United States v. Huckaby,* 43 F.3d 135, 137 (5th Cir. 1995).  The subpoenas in the instant case nonetheless request disclosure of such reports without any showing of necessity.  The Court agrees with the United States Probation Office's determination that such a request was inappropriate and unsupported.  Given the foregoing, the Court hereby

ORDERS the subpoenas issued upon Deputy Chief United States Probation Officer Becky Pope, Supervising United States Probation Officer Vickie Creek, and the United States Probation Office's Custodian of Records on April 27, 2005 are

QUASHED.    Deputy   Chief   United   States    Probation   Officer   Becky   Pope,

Supervising   United   States   Probation   Officer   Vickie   Creek,   and   the   United   States

Probation Office's Custodian of Records shall not comply with the requests made in

the subpoenas.

SIGNED the 5th day of May, 2005.

David Hittner
United States District Judge